UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIALLO E. UHURU,<br><br>            Plaintiff,<br>v.<br><br>ALAN KHAN, ET AL.<br><br>           Defendants. | Civil No. 04CV2574 JAH (WMc)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL**<br><br>[Doc. No. 14] |

On January 24, 2006, this Court dismissed without prejudice the instant matter for failure to serve his complaint under Federal Rules of Civil Procedure 4(m). Doc. No. 11. On May 11, 2006, this Court received a status inquiry from Plaintiff Diallo E. Uhuru ("Plaintiff"), which the Court rejected because his case was previously dismissed. Doc. No. 13. Plaintiff subsequently filed a Notice of Appeal, dated May 25, 2006, which was received by this Court on July 25, 2006, appealing the dismissal of his case.

On October 13, 2006, the Ninth Circuit Court of Appeals found after a review of the record that the July 25, 2006 motion "included a timely motion for extension of time to appeal pursuant to Fed. R. App. P 4(a)(6),"[1] and accordingly remanded the instant matter to this Court for the "limited purpose of allowing [this Court] to rule on appellant's July 25, 2006

---

[1] After a review of Plaintiff's July 25, 2006 filing titled "Notice of Appeal," this Court notes that no formal motion for extension of any time nor any other document requesting an extension of time was included with his filing. Although the requirements under Rule 4 are jurisdictional and strictly construed, *see* Malone v. Avenenti, 850 F.2d 569, 572 (9th Cir. 1988), pursuant to the Ninth Circuit's Order this Court hereby construes Plaintiff's "Notice of Appeal" as including a request for extension of time to file his late notice of appeal.

motion." Doc. No. 17 at 1.

Federal Rules of Appellate Procedure 4(a)(6) allows a district court to reopen the time to file an appeal if all of the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
(C) the court finds that no party would be prejudiced.

Upon review of the record, this Court finds that Plaintiff has not met the requirements under Fed. R. App. Proc. 4(a)(6). Plaintiff received this Court's notice of the termination of his case on May 16, 2006. *See* Ntc. Appeal at 2. Plaintiff, however, did not file his notice of appeal and request for extension of time with this Court until May 25, 2006. Plaintiff, therefore, did not file his request within the seven days required under Fed. R. App. Proc. 4(a)(6)(B). Because of the jurisdictional nature of Rule 4(a), this Court lacks the authority to allow Plaintiff to reopen the time for filing his notice of appeal. *See* Torres v. Oakland Scavenger Co., 487 U.S. 312, 315 (1988); Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir. 1994). Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's request for extension of time to file his notice of appeal under Fed. R. App. Proc. 4(a)(6) is **DENIED**.

DATED: November 8, 2006

_____
HON. JOHN A. HOUSTON
United States District Judge

cc: Magistrate Judge McCurine
    All Counsel of Record